IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>RICARDO OVERTON,<br><br>**Defendant.** | Case No. 3:18-CR-30184-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Authorize Payment from Inmate Trust Account filed by the United States of America. (Doc. 183). The Government seeks an order, pursuant to 18 U.S.C. §§ 3613(a), 3664(k), and 3664(n), authorizing the Bureau of Prisons (BOP) to turn over to the Clerk of Court non-exempt funds held in the inmate trust account of Defendant Ricardo Overton. The funds would be applied as payment toward the criminal monetary penalties imposed in this case.

In support of its motion, the Government notes that on February 13, 2020, the Court sentenced Overton to 100 months in prison and three years of supervised release. (Doc. 95). The Court also ordered Overton to pay a special assessment of $600. To date, Overton, owes $525.00 in financial penalties.

On June 1, 2021, the Government was informed that Overton had a balance of $1,400.00 in his inmate trust account. The Government requested that the BOP turnover $525.00 to the Clerk of Court, as payment toward Overton's outstanding special

assessment.

Overton does not oppose the Government's motion. Under 18 U.S.C. 3664(n), "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." A restitution order acts as a lien in favor of the government on "all property and rights to property" of the defendant. *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017). Therefore, the government is entitled to "step into the defendant's shoes" and acquire the rights of the defendant with regard to the funds. *Id.* at 619.

Here, the Court finds 18 U.S.C. § 3664(n) obliges Overton to apply any "substantial resources" to the outstanding restitution owed. Overton has approximately $1,400.00 in his trust account, which is a substantial amount even outside the prison setting. The United States may enforce a restitution order by "all other available and reasonable means," including the BOP's inmate payment program. *Id.* Finally, the Court notes that Overton would not be left indigent if his funds are applied toward his criminal monetary obligations. The Government has encumbered only $525.00, leaving $875.00 in his account. This is a significant balance for an inmate to carry in his trust account.

For these reasons, the Motion to Authorize Payment from Inmate Trust Account (Doc. 183) is **GRANTED**. The Bureau of Prisons is **ORDERED** to turn over to the Clerk of Court the amount of $525.00. The Clerk of Court shall accept the deposit from the funds currently held in the trust account for the following inmate:

       Inmate Name:       Ricardo Overton
       Inmate Number:    04473-025
       Inmate Facility:     FCI Beaumont Medium
                                      P.O. BOX 26040
                                      Beaumont, TX 77720

The Clerk shall apply these funds as payment toward the criminal monetary penalties owed by Overton. Payments are to be made payable to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Government is **ORDERED** to provide a copy of this Order to the Bureau of Prisons.

**IT IS SO ORDERED.**

DATED:   September 28, 2021

                                                              _____
                                                             **NANCY J. ROSENSTENGEL**
                                                             **Chief U.S. District Judge**